| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAPORTE SUPERIOR COURT |
| | ) SS: | ROOM NUMBER ____ |
| COUNTY OF LAPORTE | ) | MICHIGAN CITY, INDIANA |

ANDREW HYNEK           )
                              )
        Plaintiff,      )      CAUSE NO.:   **46D02-2007-CT-000999**
                              )
     vs                )
                              )
J&J DRIVEAWAY SYSTEMS, LLC, )
and JAMES FUTCH       )
                              )
        Defendants.   )

## COMPLAINT

## COUNT ONE
## NEGLIGENCE

Comes now the Plaintiff, Andrew Hynek, by counsel, Matthew B. Dogan, and files this Complaint against the Defendants herein, J&J Driveaway Systems, LLC, and James Futch, and in support thereof alleges and states the following:

1.     That on the date of the within complained of incident, Sergeant Andrew Hynek was and continues to be a Sergeant at the LaPorte County Sheriff's Office.

2.     That on the date of June 19, 2020, at or about the hour of 10:02 o'clock p.m., Plaintiff Andrew Hynek, was traveling west on US 20 in LaPorte County, Indiana near the intersection of US 20 and CR 450 E.

3.     That Defendant, James Futch, was driving a vehicle described as a 2020 Mack flatbed semi-truck registered to J&J Driveaway Systems, LLC. The Defendant proceeded to navigate his vehicle onto US 20 negligently, leaving Mr. Hynek unable to avoid a collision with Mr. Futch's semi-truck.

4.     That the Defendant, James Futch, was driving a vehicle which he was responsible for and failed to properly obey all traffic laws and operate his vehicle in a safe manner.

5.     That the Defendant, James Futch, owed the duty to operate his vehicle in a safe manner to this Plaintiff.

6.     That the Plaintiff, Andy Hynek, was free from any contributory or comparative negligence.

7.     That the Defendant committed the acts complained of in this complaint while under the discretion and employment of Defendant, J&J Driveaway Systems, LLC, and therefore Defendant J&J Driveaway Systems, LLC is liable to the Plaintiff under the doctrine of *respondent superior*.

8.     That Defendant, James Futch, was operating his vehicle in a careless and reckless manner by disregarding the rights of the Plaintiff and the safety of the other persons on the highway, in violation of the common law rights of the Plaintiff and contrary to the statutes of the State of Indiana.

9.     That as a result of the collision, the Plaintiff, Andrew Hynek, was severely injured and due to external and internal injuries, Mr. Hynek was airlifted to South Bend Memorial Hospital from the scene of the accident

10.     That said personal injuries were caused, aggravated, and accelerated by reason of the foregoing accident.

11.     That as a result of said accident, the Plaintiff, Andrew Hynek, has lost substantial work time.

12.     That as a result of said accident, Mr. Hynek's life expectancy has been diminished.

13.     That as a result of said injuries, Plaintiff, Andrew Hynek, has lost the benefit and enjoyment of his good health and has been damaged greatly by same.

14.     That as a result of said injuries, Plaintiff Andrew Hynek, continues to suffer severe mental and emotional trauma.

15.     That as a result of the within accident, Plaintiff, Andrew Hynek, has expended large sums of money and has incurred large debts in an effort to regain his health.

WHEREFORE, Plaintiff, Andrew Hynek, prays for judgment against the Defendants herein, J&J Driveaway Systems, LLC and James Futch, for the expenses which Plaintiff has suffered as a result of the Defendants' negligence, for damages due to the great past, present and future pain and discomfort which he has suffered as a result of said Defendants' wrongful negligence and wrongful acts, for damages due to Plaintiff's loss of ability to carry out his normal work schedule, and for all other just and proper relief in the premises.

## COUNT TWO
## NEGLIGENCE PER SE

1-15. Plaintiff hereby incorporates the allegations in rhetorical paragraph one through fifteen of Plaintiff's Complaint as rhetorical paragraph one through fifteen of Count Two of Plaintiff's Complaint.

16.     Said actions by the Defendants, J&J Driveaway Systems, LLC and James Futch, violated any and all applicable statutes regarding a "Failure to Yield," as Defendant James Futch was cited for same by the LaPorte County Sheriff's Department.

17.     Said laws are in place to prevent the damages Mr. Hynek suffers.

WHEREFORE, Plaintiff, Andrew Hynek, prays for judgment against the Defendants herein, J&J Driveaway Systems, LLC and James Futch, for the expenses which Plaintiff has suffered as a result of the Defendants' negligence, for damages due to the great past, present and future pain and discomfort which he has suffered as a result of said Defendants' wrongful negligence and wrongful acts, for damages due to Plaintiff's loss of ability to carry out his normal work schedule, and for all other just and proper relief in the premises.

## COUNT THREE
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1-17. Plaintiff hereby incorporates the allegations in rhetorical paragraph one through seventeen of Plaintiff's Complaint as rhetorical paragraph one through seventeen of Count Three of Plaintiff's Complaint.

18.     Said actions by the Defendants, J&J Driveaway Systems, LLC and James Futch, caused Mr. Hynek to become pinned in his automobile with his physical movement greatly restricted by the damage inflicted on his vehicle by the Defendants.

19.     Trauma inflicted by the Defendants, J&J Driveaway Systems, LLC and James Futch, have caused Mr. Andrew Hynek to suffer numerous mental consequences due to emotional distress.

20.     Therefore, damages for mental distress and emotional trauma are available to Mr. Hynek as his person as well as his vehicle were violently impacted as a result of the Defendants' conduct.

WHEREFORE, Plaintiff, Andrew Hynek, prays for judgment against the Defendants herein, J&J Driveaway Systems, LLC and James Futch, for the expenses which Plaintiff has suffered as a result of the Defendants' negligence, for damages due to the great past, present

and future pain and discomfort which he has suffered as a result of said Defendants' wrongful negligence and wrongful acts, for damages due to Plaintiff's loss of ability to carry out his normal work schedule, and for all other just and proper relief in the premises.

Respectfully submitted,

DOGAN & DOGAN

By:_____

Matthew B. Dogan
Attorney for Plaintiff
Attorney I.D. No.: 35209-64
6062 Lute Rd.
Portage, Indiana 46386
(219) 764-0100